IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>*Plaintiff,*<br><br>vs.<br><br>NICKSON YOUNG, SUNFLOWER VEGETABLE OIL, INC., and TY TRIEU,<br><br>*Defendants.* | Case No. 19-CV-01158-EFM-JPO |

**MEMORANDUM AND ORDER**

Plaintiff Philadelphia Indemnity Insurance Company ("PIIC") brings a declaratory judgment action against Defendants Nickson Young, Sunflower Vegetable Oil, Inc. ("Sunflower"), and Ty Trieu seeking a declaration of no coverage under PIIC insurance policies held by Sunflower. Defendants have filed a Joint Motion to Dismiss for Lack of Personal Jurisdiction or in the alternative to Transfer to the United States District Court for the Western District of Missouri (Doc. 10). For the reasons stated below, the Court denies the motion to dismiss for lack of personal jurisdiction and denies the motion to transfer to the Western District of Missouri but designates Kansas City, Kansas, as the place of trial.

### I.   Factual and Procedural Background

In a motion to dismiss for lack of personal jurisdiction based only on the complaint and affidavits, as here, the Court construes the facts in favor of the plaintiff.[1]  Plaintiff PIIC is a Pennsylvania corporation and has its principal place of business in Pennsylvania.  Defendant Sunflower is incorporated in Missouri and has its principal place of business in Lenexa, Kansas.  Defendant Young founded Sunflower, is a shareholder, and serves on its board of directors and as its president.  Young is also listed as the current resident agent of Sunflower in Kansas but resides in Missouri.  Defendant Trieu, a Missouri resident, is currently a shareholder of Sunflower and previously served as Sunflower's resident agent in Kansas, general manager, Secretary and Treasurer, and member of the board of directors.  Trieu also formed the Widmer Partnership, a Kansas corporation that purchased and now owns the property Sunflower leases in Lenexa, Kansas.  Trieu is largely responsible for facilitating the lease between Widmer Partnership and Sunflower, effectively bringing Sunflower to its current location in Kansas.

Beginning in July 2014, PIIC issued annual company protection and claims-made policies to Sunflower.  The policy applications referred to Sunflower as a Kansas corporation and listed its address in Lenexa, Kansas.  The policies were delivered in Kansas and subject to Kansas amendatory endorsements.  The policies, in part, provided coverage for claims against company directors and officers.  This suit arises out of PIIC's denial of coverage regarding an underlying suit brought by Trieu individually and on behalf of Sunflower against Young for fraud and breach of fiduciary duty.

---

[1] *See Cargill Meat Sols. Corp. v. Premium Beef Feeders, LLC*, 2014 WL 172197, *1 (D. Kan. 2014).

Trieu filed the underlying suit on April 18, 2018, in Missouri state court. Young and Sunflower seek coverage under the policy with PIIC for the 2018 lawsuit. PIIC filed the present suit in the United States District Court for the District of Kansas seeking declaratory judgment as to PIIC's obligation under the policy toward Young and Sunflower regarding the 2018 lawsuit. PIIC included Trieu as a defendant because, as the plaintiff in the 2018 lawsuit, Trieu has an interest in whether PIIC is required to cover the claim. The three defendants jointly filed a motion to dismiss for lack of personal jurisdiction, or alternatively, a motion to transfer to the Western District of Missouri.

## II.     Legal Standard

When the Court evaluates personal jurisdiction based only on the complaint and affidavits, the plaintiff must only establish a prima facie showing of personal jurisdiction.[2]

> The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party. However, only the well-pled facts of [the] plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true. The plaintiff has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading.[3]

The defendant can defeat the plaintiff's prima facie showing by demonstrating "that the presence of some other considerations would render jurisdiction unreasonable."[4]

---

[2] *Niemi v. Lasshofer*, 770 F.3d 1331, 1347 (10th Cir. 2014).

[3] *Cargill Meat Sols. Corp.*, 2014 WL 172197 at *1 (internal citations omitted).

[4] *Empl'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1159 (10th Cir. 2010) (quoting *TH Agric. & Nutrition, LLC v. Ace European Grp. Ltd.*, 488 F.3d 1282 (10th Cir. 2007)).

Where no federal statute establishes otherwise, the law of the state in which a district court sits determines the Court's jurisdiction.[5] The Kansas Supreme Court has construed its long-arm statute broadly, allowing courts "to assert personal jurisdiction over nonresident defendants to the full extent permitted by the due process clause of the Fourteenth Amendment to the U.S. Constitution."[6] Depending on their nature and relationship to the cause of action and forum state, "an out-of-state defendant's contacts with the forum state may give rise to either general (all-purpose) jurisdiction or specific (case-linked) jurisdiction."[7]

### III.     Analysis

**A.     The Court has general jurisdiction over Defendant Sunflower.**

General jurisdiction allows the Court to exercise jurisdiction for all purposes, even those unrelated to the underlying claim.[8] The exercise of general jurisdiction is only appropriate where the defendant's "affiliations with the State are so continuous and systematic as to render it essentially at home in the forum state."[9] "For an individual, the paradigm forum of the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home[,]" i.e. the corporation's place of incorporation or its principal place of business.[10]

---

[5] *Gowadia v. Stearns*, 596 Fed. App'x 667, 669 (10th Cir. 2014).

[6] *Volt Delta Res., Inc. v. Devine*, 241 Kan. 775, 777 (1987).

[7] *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017).

[8] *Id.*

[9] *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

[10] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

Sunflower's principal place of business is in Kansas; therefore, the Court has general personal jurisdiction over Sunflower. However, PIIC's contention that the Court has general jurisdiction over Young and Trieu is flawed. PIIC argues that general jurisdiction applies to an individual "where he or she conducts business on a regular basis," basing its argument on the premise that "the test for general personal jurisdiction is no different depending on whether the defendant is an individual, a corporation, or another entity."[11] But in *Daimler*, the United States Supreme Court held that "the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business" is "unacceptably grasping."[12] The proper inquiry is whether Young and Trieu's contacts within the state are so substantial as to render them essentially at home in Kansas; however, the Court need not determine whether general jurisdiction exists over Defendants Young and Trieu because the Court has specific jurisdiction over Young and Trieu.

**B.     The Court has specific jurisdiction over Defendants Young and Trieu.**

Specific jurisdiction analysis focuses "on the relationship among the defendant, the forum, and the litigation."[13] Two requirements must be met for a court to have specific jurisdiction over a defendant: (1) the defendant must have "purposefully established minimum contacts within the forum state," and (2) "assertion of personal jurisdiction would comport with 'fair play and substantial justice.' "[14]

---

[11] Doc. 18, at 5 (internal quotes omitted).

[12] *Daimler AG v. Bauman*, 571 U.S. 117, 138 (2014) (internal quotes omitted).

[13] *Id.* at 133 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).

[14] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S.310, 320 (1945)).

*1.     Minimum Contacts*

The minimum contacts inquiry for specific jurisdiction requires that the defendant "purposefully availed [him]self of the privilege of conducting activities within the forum State or . . . purposefully directed [his] conduct into the forum State," and the suit must "arise out of or relate to defendant's forum conduct."[15] The present suit stems from a dispute over coverage of an insurance policy governed by Kansas law and issued to Sunflower at its Kansas address.

As the current Sunflower's founder, current president, and Kansas resident agent, Defendant Young has purposefully availed himself of the privilege of conducting business in Kansas. Young seeks coverage for the 2018 lawsuit under PIIC insurance policy as an officer of Sunflower, creating a strong relationship between the suit and Young's contacts and activities in Kansas. Young has established minimum contacts related to this suit necessary for the Court to assert personal jurisdiction over Young in this suit.

Defendant Trieu also has the minimum contacts necessary for specific jurisdiction. As a shareholder, Trieu brought the 2018 lawsuit, in part, on behalf of Sunflower. Additionally, Trieu is a member of the Widmer Partnership, the Kansas corporation that owns the property Sunflower leases in Kansas. Trieu was instrumental in moving Sunflower to its current Kansas location, purposefully directing his activities toward Kansas. Trieu's actions in bringing Sunflower into Kansas and bringing the 2018 lawsuit on behalf of Sunflower establishes a connection between the current coverage dispute and Trieu's contacts in Kansas.

---

[15] *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1785–86 (2017) (internal quotations omitted).

### 2. Fair Play and Substantial Justice

Even if defendants have minimum contacts with the forum, the exercise of personal jurisdiction must also adhere to the traditional notions of fair play and substantial justice. The Court must determine whether jurisdiction is reasonable by considering "1) the burden on the defendant, 2) the forum state's interest in resolving the dispute, 3) the plaintiff's interest in receiving convenient and effective relief, 4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and 5) the shared interest of the several states in furthering fundamental social policies."[16]

Defendants argue that forcing Defendants to litigate in Wichita, Kansas, imposes an unreasonable burden on them; however, the Court does not agree that litigating a case in Wichita, Kansas would be an unreasonable burden on Defendants who reside in western Missouri, especially not to the extent that it would violate traditional notions of fair play and susbtantial justice. Nevertheless, for the convenience of the Defendants, PIIC has agreed to move the location of the trial to the U.S. District of Kansas courthouse in Kansas City, Kansas. The Court therefore exercises its discretion and designates Kansas City, Kansas, as the location of trial.[17] Holding the trial in Kansas City, Kansas, would also promote the interstate's judicial system's interest in obtaining efficient resolution. As Defendants point out, whether litigation is conducted in the District of Kansas Federal Courthouse in Kansas City or the Western District of Missouri Federal Courthouse is a difference in 3.3 miles. Additionally, Kansas has an interest in resolving the

---

[16] *Old Republic Ins. Co.*, 877 F.3d at 909 (quoting *Pro Axess, Inc. v. Orlux Distrib.*, 428 F.3d 1270, 1280–81 (10th Cir. 2005)).

[17] *See* D. Kan. Rule 40.2(e) ("The court is not bound by the requests for place of trial. It may determine the place of trial upon motion or in its discretion.").

dispute because the underlying insurance policy was issued to Sunflower's Kansas location and is governed by Kansas law. Finally, the plaintiff's interest in convenient and effective relief has little weight here because PIIC is located in Pennsylvania. Whether the case is litigated in Kansas or Missouri bears little effect on convenience to PIIC. Considering the above factors, exercising personal jurisdiction over Defendants would not violate traditional notions of fair play and substantial justice.

### C.  Transfer to the Western District of Missouri is unwarranted.

Alternatively, Defendants assert that the case should be transferred to the Western District of Missouri. Venue may be proper in the following districts:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.[18]

Here, an insurance policy covering a business operating in Kansas and governed by Kansas law gives rise to this suit; therefore, venue in the District of Kansas is proper under 28 U.S.C. § 1391(b)(2). However, for the convenience of Defendants and witnesses, Plaintiff concedes that the location of the trial could be in Kansas City, Kansas, rather than Wichita. The Court agrees.

---

[18] 28 U.S.C. § 1391.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that the location of the trial is to be moved from Wichita, Kansas, to Kansas City, Kansas.

**IT IS SO ORDERED.**

Dated this 15th day of April, 2020.

*[Signature: Eric F. Melgren]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE